Alice **SCHAAK**, individually and on behalf of her minor children Christine Schaak, William Schaak, Susan Schaak, Sonia Schaak, John Schaak, Patricia Schaak, Kurt Schaak, Nancy Schaak and Herbert Schaak, and on behalf of all others similarly situated, Plaintiffs,

v.

Wilbur J. **SCHMIDT**, individually and as Secretary of the Wisconsin Department of Health and Social Services and his Agents, Employees, Successors in Office, Assistants and All Others Acting In Concert or Cooperation With Him, Defendants.

Civ. A. No. 70–C–113.

United States District Court,
E. D. Wisconsin.

March 26, 1970.

Steven Steinglass, Milwaukee, Wis., for plaintiffs.

Theodore Priebe, Asst. Atty. Gen., Madison, Wis. for defendants.

MEMORANDUM OPINION AND ORDER DENYING TEMPORARY RESTRAINING ORDER

REYNOLDS, District Judge.

Plaintiffs have commenced this action for declaratory and injunctive relief on their own behalf and on behalf of all other persons similarly situated. Plaintiffs seek to restrain the defendants from enforcing, executing, or implementing Wis. Stats. § 49.47(4) (b), as amended August 31, 1969, by Chapter 154, Laws of 1969, relating to Wisconsin's Medical Assistance Program.

From the record, the following facts and allegations emerge: Plaintiffs are members of a family residing in Milwaukee, Wisconsin. Prior to the amendment

by the Wisconsin legislature of § 49.47 (4) (b) relating to eligibility for medical assistance in August 1969, plaintiffs were eligible for and received medical benefits under Wisconsin's Medical Assistance Program. With passage of Wis. Laws 1969, Ch. 154, § 49.47(4) (b), Wis. Stats., was amended in such a manner that plaintiffs are no longer eligible for benefits under the Medical Assistance Program. Basically, the change effected by the relevant part of Chapter 154 amended subsection 49.47(4) (b) so that "medically indigent" persons are no longer eligible for medical assistance benefits if the applicant owns "a home and the land used and operated in connection therewith" and the equity therein exceeds $7,500. Previously there was no dollar limit on the amount of equity in a homestead for such applicants.

■ Plaintiffs allege that this amended subsection, 49.47(4) (b), denies them equal protection and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and that this amended subsection denies them their rights under 42 U.S.C. § 1396 et seq. and Department of Health, Education and Welfare regulations. A declaratory judgment to this effect is sought. Plaintiffs also seek a permanent injunction restraining defendants from refusing to extend medical assistance to plaintiffs solely because their eligibility for such assistance has been terminated by the amendment to § 49.47(4) (b), Wis. Stats. Plaintiffs further seek an award for themselves and the class they purport to represent of all sums of money which they have spent for medical expenses as a result of defendants' allegedly illegal termination of their eligibility for medical assistance, together with interest at the rate of 7 percent per annum. The convening of a three-judge district court to determine this controversy is requested. Last, plaintiffs seek a temporary restraining order and preliminary injunction restraining defendant from enforcing § 49.47(4)(b), Wis.Stats., as amended, in such a manner as to terminate the eligibility of plaintiffs and all those similarly situated for medical assistance under Wisconsin's Medical Assistance Program.

Plaintiffs assert that jurisdiction is present under 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. § 1983.

I conclude that the challenge to the validity, under the Fourteenth Amendment to the United States Constitution, of the state legislative enactment is not insubstantial. Since plaintiffs seek to enjoin the operation of the enactment, the convening of a three-judge court is required. I am so notifying the Chief Judge of the circuit. 28 U.S.C. §§ 2281, 2284. No more definitive determination of the jurisdictional issue is presently required.

I presently make no determination whether plaintiffs may maintain this action as a class action.

## TEMPORARY RELIEF

■ Prior to August 1969, § 49.47(4) (b) read as follows:

"(4) (b) Eligibility exists if his property does not exceed a home and the land used and operated in connection therewith, or a mobile home used as a place of abode; * * *."

This language allowed applicants to be eligible for Medical Assistance Program medical assistance benefits regardless of the amount of equity in a homestead. In August 1969, § 49.47(4) (b) was amended by Wis. Laws 1969, Ch. 154, to read:

"(4) (b) Eligibility exists if his property does not exceed a home and the land used and operated in connection therewith not to exceed the equity of $7,500, or a mobile home used as a place of abode; * * *."

The effect of this change has been to terminate medical assistance for those persons who have $7,500 or more equity in a home and land who would be otherwise eligible for such benefits.

Plaintiffs allege that Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. and regulations promulgated there-

under create a comprehensive scheme of medical assistance programs, generally known as the Medicaid Program, which in Wisconsin make medical benefits available to persons in several classes: (1) The "categorically related" class includes those persons receiving financial assistance under one of the categorical assistance programs, including Old Age Assistance, Aid to Families with Dependent Children, Aid to the Blind, and Aid to the Permanently and Totally Disabled; (2) the "categorically needy" class includes those persons whose income and resources are within the limitations of one of the four categorical assistance programs but who are not covered by any of these programs, Wis. Stats. § 49.47 (4) (f); and (3) the "medically needy" class includes those persons whose income and resources are greater than the limits of the categorical assistance programs. The persons in this class are eligible for medical assistance if they meet the income and resource limitations of § 49.47(b) and (c).

It is plaintiffs' contention that the amendment to § 49.47(4) (b) imposed a $7,500 homestead maximum as a condition for eligibility for persons in the "medically needy" class, while this condition was not imposed on either the "categorically related" class which has the more liberal homestead maximum of the particular categorical assistance program, or the "categorically needy" class which allegedly has no homestead maximum. Plaintiffs contend that it is an unconstitutional denial of due process and equal protection of law to distinguish, in this manner, between persons equally in need of medical assistance. Plaintiffs also contend that the amendment to § 49.47(4) (b) and the resultant $7,500 homestead maximum placed on persons in the "medically needy" class has violated a Department of Health, Education and Welfare regulation, 45 C.F.R. § 248.2 (a) (1) (iv), which provides that:

"(a) A state plan for medical assistance, if it includes the medically needy * * *, must:

"1. Provide levels of income and resources for maintenance, in total dollar amounts, as a basis for establishing financial eligibility for medical assistance, in accordance with the following:

\* \* \* \* \*

"d. Resources which may be held must, as a minimum, be at the most liberal level used in any money payment program in the State on or after January 1, 1966 * * *."

I have concluded earlier that the constitutional challenge to § 49.47(4) (b), as amended, is not insubstantial, and that the convening of a three-judge court is required with respect to it. I further conclude that the challenge on the ground that the 1969 amendment is inconsistent with the Social Security Act is not insubstantial. However, I am unable to conclude that the plaintiffs' likelihood of ultimate success with either challenge is sufficiently clear to warrant a temporary restraining order. While it is clear that plaintiffs will suffer irreparable damage if medical assistance continues to be withheld from them by virtue of the 1969 amendment to § 49.47(4) (b), the burden of a temporary restraining order on the defendants must also be considered.

## ORDER

Accordingly, for the reasons stated above, and upon the basis of the entire record herein,

It is hereby ordered that plaintiffs' motion for a temporary restraining order with respect to the operation of § 49.47 (4) (b), Wis. Stats., as amended, is denied.